Shaw C. J.
delivered the opinion of the Court. This *357 indictment cannot be maintained, consistently with the decision of the Court, last year, in the case in this county, of Commonwealth v. Cooley, 10 Pick. 37. In that case it was held, that the statute of 1814 containing a series of provisions in relation to the whole subject matter of the disinterment of dead bodies, had superseded and, by necessary implication, repealed the provisions of the common law on the same subject. If it be trae, as contended, that as a general rule the repeal of a repealing law, revives the preexisting law, it would be difficult to maintain that such a clause of repeal, in a statute containing a series of provisions, revising the whole subject, and superseding the existing statute, would revive the preexisting provisions of the common law. But were that point conceded, as contended for, it would not aid this indictment.
In the case supposed, the common law would not be in force during the existence of the statute, and if revived by its repeal, such revival would take effect only from the time of such repeal.
It is clear, that there can be no legal conviction for an offence, unless the act be contrary to law at the time it is committed ; nor can there be a judgment, unless the law is in force at the time of the indictment and judgment. If the law ceases to operate by its own limitation or by a repeal, at any time before judgment, no judgment can be given. Hence, it is usual in every repealing law, to make it operate prospectively only, and to insert a saving clause, preventing the operation of the repeal, and continuing the repealed law in force, as to all pending prosecutions, and often as to all violations of the existing law already committed.
These principles settle the present case. By the statute 1830, c. 57, § 6, that of 1814 was repealed without any saving clause. The act charged upon the defendants as an offence, was done, after the passing of the statute of 1814, and before that of 1830. The act cannot be punished as an offence at common law, for that was not in force during the existence of the statute ;■ nor by the statute of 1814, because it has been repealed without any saving clause ; nor by the statute of 1830, for the act was done before that statute was *358 passed. No judgment therefore can be rendered against the defendants, on this indictment.[1]

Judgment arrested.

 See Commonwealth v. Kimball, 21 Pick. 373 ; Commonwealth v. Mott, ibid. 492; Miller’s case, 3 Wils. 420 ; Anon. 1 Wash. C. C. R. 84 ; Rex v. M'Kenzie, Russ & Ryl. C. C. 429; Stoever v. Immell, 1 Watts, 258; Commonwealth v. King, 1 Wharton, 460 Butler v. Palmer, 1 Hill’s (N. Y.) R. 324.